TIMOTHY DURLEY,

                Plaintiff,

v.                                                       Case No. 22-cv-1293-pp

ALLISON HOHENSTERN, ROBERT WEINMAN,
ASHLEY HASELEU and JESSICA HOSFELP,

                Defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS (DKT. NO. 34), VACATING ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 26 AT 39) AND ORDERING PLAINTIFF TO PAY REMAINDER OF $402 FILING FEE OR FACE DISMISSAL WITHOUT PREJUDICE**

        On February 23, 2023, the court issued an order screening Timothy Durley's *pro se* amended complaint under 42 U.S.C. §1983 and allowing him to proceed on First and Eighth Amendment claims against prison officials at Waupun Correctional Institution. Dkt. No. 26. The court allowed the plaintiff to proceed on claims that medical staff failed to provide adequate treatment for his asthma and retaliated against him for filing complaints in May through July 2022. Id. at 26. The court also denied the plaintiff's motions for a preliminary injunction, to recruit counsel to represent him and to waive payment of the initial partial filing fee. Id. at 3, 32–33, 36–38. The court ordered service on the defendants and ordered them to respond to the amended complaint within sixty days. Id. at 39.

        On March 27, 2023, the plaintiff filed a motion for relief from judgment, in which he asks the court to reconsider its decision denying him a preliminary injunction ordering the prison to allow him to have a nebulizer in his cell "in

cases of an emergency." Dkt. No. 30. He says nurse practitioners diagnosed his asthma as "moderate to severe" in December 2022 and February 2023. Id. at 2.

On April 7, 2023, before they answered or otherwise responded to the amended complaint, the defendants filed a motion to revoke the plaintiff's *in forma pauperis* status and to stay their deadline to file an answer pending a decision on the motion. Dkt. No. 34. The defendants assert that the plaintiff has accumulated three strikes under 28 U.S.C. §1915(g) and should not be allowed to proceed without prepaying the full filing fee. Id. at 1. They contend that because he has three strikes, the plaintiff "may only proceed *in forma pauperis* if he is in imminent danger of serious physical injury, and this case does not implicate that exception." Id. The defendants cite three of the plaintiff's previous cases that this court has dismissed—Case Nos. 21-cv-281, 21-cv-628 and 21-cv-153. Id. at 3. The defendants note that in each of those three cases, the court dismissed the plaintiff's complaint or amended complaint because it did not state a claim for relief, and in each case the court assessed the plaintiff a "strike" under §1915(g). Id. (citing Case No. 21-cv-281, Dkt. No. 8 at 9 (decision and judgment entered April 27, 2021); Case No. 21-cv-628, Dkt. No. 8 at 11 (decision and judgment entered June 30, 2021); Case No. 21-cv-153, Dkt. No. 15 at 7 (decision and judgment entered July 20, 2022)).

The plaintiff filed the complaint in this case on November 1, 2022, and filed his amended complaint on November 21, 2022. Id. at 4 (citing Dkt. Nos. 1, 24). The defendants assert that because the court assessed the three strikes against the plaintiff *before* he filed the complaint that initiated this case, the court should not allow the plaintiff to proceed without prepaying the filing fee and instead should require him to pay the full $402 filing fee to proceed. Id. They ask the court to revoke its order granting the plaintiff's motion for leave to

proceed without prepaying the filing fee and to order him to pay the remainder of the $402 filing fee before allowing him to proceed with this case. Id.

On April 10, 2023, the court granted the defendants' request to stay their deadline to file a responsive pleading to the amended complaint pending its decision on their motion to revoke his *in forma pauperis* status. Dkt. No. 35.

On April 12, 2023, the court received from the plaintiff a brief opposing the defendants' motion to revoke his *in forma pauperis* status. Dkt. No. 36. The plaintiff asserted that he had a pending motion for relief from the judgment in Case No. 21-cv-153, in which he had asked the court to remove his third strike. Id. at 1–2. He argued that even if the court denied that motion, the amended complaint in this case alleges that he is in imminent danger of serious physical harm, so the court should allow him to proceed without prepaying the full filing fee. Id. at 2. He noted that the amended complaint alleges that he suffered three or more asthma attacks in May to July 2022, "of 2 which was treated." Id. He also asserted that the defendants have retaliated against him, and that a complaint examiner affirmed an institutional complaint he filed about his inadequate medical treatment. Id. He said that he "will prove medical staff lied concerning [his] medical needs" and will show that he is a "moderate to severe asthmatic." Id. He asserted that Waupun medical staff are not following offsite doctors' orders for him to use a nebulizer despite his history of asthma and nebulizer use. Id. The plaintiff claimed that because Waupun medical staff continue to refuse him nebulizer use for his asthma, his amended complaint adequately alleges that he is in imminent danger of serious physical harm. Id. at 2–3.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court agrees with the defendants that the plaintiff's past cases meet this standard. Before he filed the complaint in this case, the court had dismissed three of the plaintiff's previous cases because they failed to state a claim upon which relief may be granted. In each of those cases, the court expressly assessed the plaintiff a "strike" under §1915(g). See Case No. 21-cv-281, Dkt. No. 8 at 9 ("The Clerk of Court will document that the plaintiff has incurred a 'strike' under 28 U.S.C. §1915(g)."); Case No. 21-cv-628, Dkt. No. 8 at 11 ("The court will document that the plaintiff has incurred his second 'strike' under 28 U.S.C. §1915(g).") (citing 21-cv-281 as the plaintiff's first strike); Case No. 21-cv-153, Dkt. No. 15 at 7 ("The court will document that the plaintiff has incurred a 'strike' under 28 U.S.C. §1915(g).") (also citing 21-cv-291 as the plaintiff's first strike). The defendants are correct that when the court assessed the strike in Case No. 21-cv-153, it incorrectly listed that as "the plaintiff's second strike." Case No. 21-cv-153, Dkt. No. 15 at 7 n.1. The plaintiff's case record shows that the strike assessed in Case No. 21-cv-153 was, in fact, the plaintiff's *third* strike, and the court should have documented it as such. The court should have included in that dismissal order a warning that unless he can demonstrate that he is in imminent danger of serious physical injury, the plaintiff would be barred from filing any further cases without prepaying the filing fee while he is a "prisoner" within the meaning of 28 U.S.C. §1915(h).

That leaves the question of what action the court must take to remedy that oversight. The plaintiff asserted that because he had a pending motion for

relief from judgment in Case No. 21-cv-153, the court should not decide the defendants' motion. He argued that it was possible the court would remove that third strike if it granted his motion and allowed him to proceed in Case No. 21-cv-153. But since the plaintiff filed his response in opposition to the defendants' motion to revoke his *in forma pauperis* status, the court has denied the plaintiff's motion for relief from judgment in Case No. 21-cv-153. See Case No. 21-cv-153, Dkt. No. 25 at 5 (motion denied June 8, 2023). This argument is moot.

The plaintiff alternatively asserted that the amended complaint in this case sufficiently alleges that he is in imminent danger of serious physical harm, so the court still should allow him to proceed without requiring him to prepay the filing fee. "In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the 'threat or prison condition [must be] real and proximate.'" Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)). This exception is available only "'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis, 279 F.3d at 531). The plaintiff cannot rely on "[a]llegations of past harm" to satisfy that requirement; "the harm must be imminent or occurring at the time the complaint is filed." Ciarpaglini, 352 F.3d at 330 (citing Heimermann, 337 F.3d at 782).

In the screening order, the court thoroughly detailed the allegations of the amended complaint. Dkt. No. 26. As the court explained, the plaintiff alleges that in May 2022, he returned to Waupun after a court date and "experienced what he believed to be symptoms of COVID-19." Id. at 5. He sought treatment from the medical unit at Waupun and a doctor instructed

defendant Hohenstern to provide the plaintiff nebulizer treatment, but defendant Weinman overrode that recommendation and told Hohenstern to provide the plaintiff treatment using an aerochamber spacer, which the plaintiff alleges is less effective than a nebulizer. Id. at 6. The plaintiff says that on May 23, 2022, he suffered an asthma attack and was forced to use the aerochamber spacer before a nurse (who is no longer a defendant) provided him nebulizer treatment. Id. at 6–7. On June 12, 2022, the plaintiff had another asthma attack and again was forced to attempt aerochamber spacer treatment before a nurse (who no longer is a defendant) provided him nebulizer treatment. Id. at 7. The plaintiff suffered another asthma attack on June 14, 2022, and had to settle for aerochamber spacer treatment; defendant Hosfelp refused to provide him nebulizer treatment allegedly in part because of past complaints he had filed against her. Id. at 8. The plaintiff suffered yet another asthma attack on July 4, 2022, and Hosfelp again refused to provide him nebulizer treatment. Id. The plaintiff alleges that the hot and humid conditions at the prison contributed to his asthma attacks, as did chemical spray that prison staff used to subdue other incarcerated persons. Id. at 6–10.

These allegations involve past events that occurred in the spring and summer of 2022 at Waupun. The amended complaint does not allege that prison staff continue to deny the plaintiff nebulizer treatment for his asthma or asthma attacks. So, on the one hand, the plaintiff's allegations appear to concern only "[a]llegations of past harm," which are insufficient to satisfy the imminent-danger requirement of §1915(g). Ciarpaglini, 352 F.3d at 330. On the other hand, the plaintiff said in the April 12, 2023 opposition brief that he recently had been diagnosed with moderate to severe asthma, so he would need continuous treatment for asthma attacks—especially because the weather was

warming and the humidity likely would increase over the next several weeks and months. He argued that the risk of harm to him from his asthma had not gone away, but was current and continuous. The court finds that the amended complaint sufficiently alleges a risk to the plaintiff that is not based solely on allegations of past harm.

But more important than the imminence of the risk to the plaintiff is whether that alleged risk is "real and proximate" rather than speculative and merely possible. Ciarpaglini, 352 F.3d at 330 (quotation marks omitted). The plaintiff alleged only that it is *possible* he will again have asthma attacks at Waupun, *if* certain conditions are met; and *if* those conditions occur *and* he does have an asthma attack, it is *possible* that Waupun staff *might* refuse him nebulizer treatment. Those allegations do not detail a "real and proximate" risk of imminent physical harm. They do not allege that the plaintiff faces a "genuine emergenc[y]" or that "time is pressing" to address the threat to his physical health. Heimermann, 337 F.3d at 782 (quotation omitted). The amended complaint speculates that the defendants *may possibly* disregard the plaintiff's asthma *at some point* in the future, *if* he has an asthma attack and *if* he needs nebulizer treatment. Such speculative allegations of harm are "insufficient to trigger the exception to § 1915(g)." Grissom v. Pininski, No. 08-CV-284-SLC, 2008 WL 2218262, at *2 (W.D. Wis. May 23, 2008) (allegations that defendants "may possibly subject [plaintiff] to the use of excessive force at some future time" are insufficient to satisfy exception to §1915(g)); see also Brown v. Wisconsin Dep't of Corr., No. 19-CV-870-WMC, 2020 WL 2497179, at *4 (W.D. Wis. May 14, 2020) (concern that medical staff might not appropriately handle plaintiff's diabetes "*if* a problem with his diabetes arose" too speculative to satisfy exception in §1915(g)); Hashim v. Hamblin, No. 14-

CV-1265, 2015 WL 1840434, at *6 (E.D. Wis. Apr. 22, 2015) (quoting White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998)) (plaintiff's "vague and conclusory" assertions that staff withheld medical treatment when physician saw prisoner over 100 times is not imminent danger under §1915(g)).

The court is aware from numerous past cases with the plaintiff that medical staff often refuse him nebulizer treatment either because he has other effective treatment options available to him or because he has threatened staff or acted out in such a way that medical staff have been cautioned not to approach the plaintiff without security staff present. See, *e.g.*, Case No. 20-cv-1890-pp, Dkt. No. 103 at 8–11. That means that whether the plaintiff receives nebulizer treatment for possible future asthma attacks may depend on *his* actions and behavior, rather than on any potential deliberate indifference by prison staff or medical staff. The plaintiff may not manufacture an imminent risk of serious physical harm by unnecessarily putting himself in harm's way.

The court agrees with the defendants that prior to the date on which he filed this case, the plaintiff incurred three strikes under §1915(g) for filing a complaint that later was dismissed because it failed to state a claim on which relief may be granted. The court also agrees with the defendants that the amended complaint does not sufficiently allege that the plaintiff is in imminent danger of serious physical injury. The court should not have granted the plaintiff's motion for leave to proceed without prepaying the filing fee and should have directed him to pay the full $402 filing fee or face dismissal of the case.

The court will grant the defendants' motion and will revoke the plaintiff's *in forma pauperis* status. That means that, if the plaintiff wishes to proceed with this case, he must pay the remaining balance of the $402 filing fee. At the

time of this decision, that balance is $399.55. If the court does not receive that balance by the deadline the court sets below, the court will dismiss this case without prejudice. The court declines to rule on the plaintiff's motion for relief from judgment (Dkt. No. 30) until it receives the balance of the filing fee. If the court receives the balance of the filing fee by the deadline, the court will decide the motion for relief from judgment. If the court does not receive the balance of the filing fee by the deadline, the court will deny that motion as moot.

The court **GRANTS** the defendants' motion to revoke the plaintiff's *in forma pauperis* status. Dkt. No. 34.

The court **VACATES** its previous order granting the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 26 at 39.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must pay the **$399.55** balance of the $402 filing fee **by the end of the day on September 15, 2023**. If the court does not *receive* the $399.55 by the end of the day on September 15, 2023, the court will dismiss this case without prejudice, without further notice or hearing.

The court **DEFERS RULING** on the plaintiff's motion for relief from judgment pending his response to this order. Dkt. No. 30.

Dated at Milwaukee, Wisconsin this 15th day of August, 2023.

                          **BY THE COURT:**

                          _____
                          HON. PAMELA PEPPER
                          **Chief United States District Judge**