UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                Plaintiff,

v.                                                    Case No. 22-cv-1293-pp

ALLISON HOHENSTERN, ROBERT WEINMAN,
ASHLEY HASELEU and JESSICA HOSFELP,

                Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 30) AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PAY FULL $402 FILING FEE**

On August 15, 2023, the court issued an order granting the defendants' motion to revoke the plaintiff's *in forma pauperis* status, vacating the court's previous order granting the plaintiff's motion for leave to proceed without prepaying the filing fee and ordering the plaintiff to pay the $399.55 balance of the $402 filing fee by September 15, 2023. Dkt. No. 38. The court advised the plaintiff that if it did not receive the remainder of the fee by that deadline, the court would dismiss this case without prejudice because under the Prison Litigation Reform Act, the plaintiff has incurred three strikes and may not proceed unless he pays the full $402 filing fee. Id. at 8–9. The court deferred ruling on the plaintiff's motion for relief from judgment (Dkt. No. 30) pending his response to the court's order. Id. at 9.

The September 15, 2023 deadline has passed, and the plaintiff has not paid the $399.55 balance of the $402 filing fee. On August 31, 2023, the court

received a letter from the plaintiff in which he explained that he has not been able to receive help to pay the $399.55 balance. Dkt. No. 39. He said that if the court does not allow him to proceed without prepaying the filing fee, he "will have to appeal it to the Seventh Circuit in Illinois." Id. at 1. He then said that he "did forget to include in [his] response to the Defendants motion to revoke" details that he says show he is in imminent danger of serious physical injury, so the court should allow him to proceed without prepaying the filing fee. Id. The plaintiff explained that persons incarcerated at Waupun Correctional Institution, where he is incarcerated, are "chemically sprayed all year round," but prison staff does not pull him from his cell beforehand to prevent his asthma attacks or afterward to assess his condition. Id. He noted that he told the court previously about his condition and cited three of his previously filed cases, including one that the court dismissed for the plaintiff's failure to state a claim, assessing him a strike. Id.; see Case No. 21-cv-153-pp, Dkt. No. 15. The plaintiff claimed he has "memory lost [*sic*]" from being in the restricted housing unit, which is why he "forgot to include" these details in his response to the defendants' motion to revoke his *in forma pauperis* status. Id. at 1–2. He said that his asthma worsens in "hot – humid" conditions in the restricted housing unit, and he that has experienced "tightness in [his] chest" this year. Id. at 2.

       The plaintiff has not alleged that he is at *imminent* risk of serious physical harm. The court summarized the facts of this case in its August 15, 2023 order. Dkt. No. 38 at 5–6. The court explained that the plaintiff's allegations "involve past events that occurred in the spring and summer of

2022 at Waupun," and that the plaintiff "does not allege that prison staff continue to deny the plaintiff nebulizer treatment for his asthma or asthma attacks." Id. at 6. But because the plaintiff also alleged "that he recently had been diagnosed with moderate to severe asthma, so he would need continuous treatment for asthma attacks," the court found that "the amended complaint sufficiently alleges a risk to the plaintiff that is not based solely on allegations of past harm." Id. at 6–7. The court nonetheless noted that the plaintiff's allegations do not concern a "real and proximate" risk of harm but instead allege a risk that is "speculative and merely possible." Id. (quoting Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)). The court explained, "The plaintiff alleged only that it is *possible* he will again have asthma attacks at Waupun, *if* certain conditions are met; and *if* those conditions occur *and* he does have an asthma attack, it is *possible* that Waupun staff *might* refuse him nebulizer treatment." Id. The court concluded that those "speculative allegations of harm are insufficient to trigger the exception to §1915(g)." Id. (quotation and citations omitted).

The additional information that the plaintiff provided in the letter the court received on August 31—information that he says he forgot to include in earlier filings—does not change the court's conclusion. The plaintiff's concern that prison officials *may* use chemical spray on another incarcerated person and *may* not remove him from his cell, which *might* cause him to suffer an asthma attack, is as "speculative and merely possible" as his previous allegations. None of the allegations in his amended complaint, his brief in

opposition to the defendants' motion to revoke his *in forma pauperis* status or his August 31, 2023 letter suggest that he is at imminent risk of serious physical injury.

Because the plaintiff has not paid the full $402 filing fee, the court will enforce its previous order and dismiss the amended complaint without prejudice. The court will deny as moot the plaintiff's motion for relief from judgment. Dkt. No. 30.

The court **DENIES AS MOOT** the plaintiff's motion for relief from judgment. Dkt. No. 30.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for the plaintiff's amended complaint for failure to pay the $399.55 balance of the $402 filing fee. The clerk will enter judgment accordingly.

The court **ORDERS** that, in accordance with 28 U.S.C. §1915(b)(1), the plaintiff must pay the mandatory $350 statutory filing fee. The agency that has custody of the plaintiff must collect from his institution trust account the **$347.55** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must

forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

Dated at Milwaukee, Wisconsin this 3rd day of October, 2023.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**