UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

          Plaintiff,

v.                                              Case No. 22-cv-1293-pp

ALLISON HOHENSTERN, ROBERT WEINMAN,
ASHLEY HASELEU and JESSICA HOSFELP,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO APPEAL WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NOS. 48, 49) AND ORDERING PLAINTIFF TO PAY FULL $505 APPELLATE FILING FEE**

On September 30, 2023, the court dismissed this case without prejudice because the plaintiff has incurred three strikes under 28 U.S.C. §1915(g) and did not pay the full $402 filing fee. Dkt. No. 40. The court explained that the complaint did not satisfy the "imminent risk" exception to §1915(g) because it alleges only speculative future harm. Id. at 3–4.

On October 10, 2023, the court received from the plaintiff his notice of appeal. Dkt. No. 42. The court then received two motions from the plaintiff for leave to appeal without prepaying his appellate filing fee. Dkt. Nos. 48, 49. The two motions are identical, though the order of the pages in each are different. The first motion (Dkt. No. 48) is arranged correctly; the second motion (Dkt. No. 49) is out of order. But the plaintiff provided the same information in each form.

1

Under the Prison Litigation Reform Act, an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If an incarcerated person does not have the money to pay the $505.00 filing fee in advance for an appeal, he can request the court for permission to proceed without prepayment. For the court to consider such a request, the incarcerated person must complete a petition and affidavit and return it to the court, along with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated person has not shown that he is indigent, he filed the appeal in bad faith or he has three strikes. See 28 U.S.C. §§1915(a)(2)–(3), 1915(g).

The court finds that the plaintiff has established that he is indigent. But as the court explained in the previous orders, the plaintiff *has* incurred three strikes. Dkt. Nos. 38, 40. It is because the plaintiff has three strikes that the court vacated its order granting his motion to proceed without prepaying the filing fee and ordered him to pay the full $402 filing fee to proceed with this lawsuit. Dkt. No. 38. The court dismissed this case because the plaintiff did not pay the balance of that fee. Dkt. No. 40. Because the plaintiff has incurred three strikes and has not demonstrated that he is under imminent danger of serious physical injury, he may not proceed with this appeal without prepaying the full $505 filing fee. 28 U.S.C. §1915(g).

The court **DENIES** the plaintiff's motions for leave to proceed on appeal without prepaying the appellate filing fee. Dkt. No. 48, 49.

The court **ORDERS** that if the plaintiff wishes to proceed with this appeal, **he must pay the full $505 appellate filing fee** by forwarding that amount to the Clerk of Court in time for the court to *receive it* by the end of the day on **November 20, 2023**. If the clerk does not receive that amount by the end of the day on November 20, 2023, the court of appeals may dismiss the appeal. The plaintiff must identify the payment by the case name and number.

The court will electronically provide a copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 19th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**